By the Court, Cowen, J.
The words of the bond made, it a condition, that the award should be ready for delivery on or before the first of June, to Wadsworth, as well las Buck. It was ready for delivery to the latter, but- not to the former. The arbitrators did not even suppose an award was necessary for Wadsworth, and they accordingly never signed a counterpart. Even if Goff had the power, he did nothing which can be construed into a waiver of the right to insist on the delivery of an award to his principal. The only method by which an award made under the condition of a bond, such as this, can be rendered binding, is by the arbitrators executing and delivering two parts, unless the party shall expressly discharge them of that necessity; as, by telling them they need make no counterpart, for he will not receive it; or, as in Sellick v. Addams, (15 John. R. 197,) accepting sworn copies, in lieu-of the original, without objection.(a) In short, nothing like a waiver exists in this caseand without that, it *323 is entirely settled that the award is a nullity, for want of its being ready within the terms of the condition. (Pratt v. Hackett, 6 John. R. 14.)
Motion granted.(b)

 See Perkins v. Wing, (10 John. R. 143.)

 As to the effect upon the award, of an omission on the part of arbitrators to comply with the ita quod clause, or other condition in the submission, as it relates to the subject matter submitted, the time of making the award, the form thereof, and other particulars, see Cowen & Hill’s Notes to 1 Phil. Ev. p. 1027, et seq: and the cases there cited.